is working against the interests of the community that employs him; that the progress of the community in business or population is handicapped by unscrupulous men (of whom plaintiff is one) who have controlled politics for the past forty years; and that the government of the municipality is for a ring (of whom plaintiff is one) who care nothing for the interests of the taxpayers. The general allegation in the complaint that these words were spoken of and concerning the plaintiff is sufficient under section 535, Code Civil Procedure, to enable him to establish facts which would show that the published words indicated to the popular mind that he was a member of the alleged ring, that he was one of the alleged unscrupulous men, and that he was one of those who were working against the best interests of the municipality. We do not think that the allegation that the trial was conducted as a joke, without an allegation of other facts showing upon which side plaintiff was employed or what the nature of the charge was, is libelous *per se;* nor were there other facts stated by way of colloquium which might make the allegation of the receipt of $15 a week for clerk hire, with $1,800 extra compensation in the guise of expenses in certiorari proceedings, libelous. We do not think that the wording of the alleged libelous publication, together with the fact that plaintiff was the corporation counsel of the city of Newburgh, sufficient to sustain the innuendo to its full extent. Nevertheless, as the publication is libelous *per se,* the complaint states a cause of action. (*Morrison* v. *Smith,* 177 N. Y. 366.) Present — Mills, Rich, Blackmar, Kelly and Jaycox, JJ.

JOHN B. CORWIN, Respondent, v. CHARLES T. McKENZIE, Appellant.— Order affirmed, with ten dollars costs and disbursements. It is competent for the jury to find as a fact that the words spoken imputed to the plaintiff, the corporation counsel of the city of Newburgh, a violation of his duty, which constituted a misdemeanor under Penal Law, section 1841. Mills, Rich, Blackmar, Kelly and Jaycox, JJ., concur.

THOMAS F. CREAN, Respondent, v. ROBERT A. POOLE and MEDITERRANEAN TRADING COMPANY, INC., Appellants.— Order affirmed, with ten dollars costs and disbursements. No opinion. Rich, Putnam, Blackmar, Kelly and Jaycox, JJ., concur.

WILHELMINA H. CRUMP, Respondent, v. CHARLES W. BUCKHAM, Appellant, Impleaded with Another, Defendant.— Judgment unanimously affirmed, with costs. No opinion. Present — Mills, Rich, Putnam, Kelly and Jaycox, JJ.

WILHELMINA H. CRUMP, Respondent, v. CHARLES W. BUCKHAM, Appellant, Impleaded with Another, Defendant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Mills, Rich, Putnam, Kelly and Jaycox, JJ., concur.

DUPONT FABRIKOID COMPANY, Respondent, v. THE DIRECTOR GENERAL OF RAILROADS, Appellant. (Appeal No. 1.) — Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Rich, Blackmar, Kelly and Jaycox, JJ., concur.

DUPONT FABRIKOID COMPANY, Respondent, v. THE DIRECTOR GENERAL OF RAILROADS, Appellant. (Appeal No. 2.) — Order affirmed, with ten

dollars costs and disbursements. No opinion. Jenks, P. J., Blackmar and Jaycox, JJ., concur; Rich and Kelly, JJ., dissent.

RUSSELL K. DUXBURY, Respondent, v. BENJAMIN C. TOUSEY and SUSAN C. PULVER, Appellants.— Judgment and order reversed as to the defendant Susan C. Pulver, and as to her complaint dismissed, without costs. As to the defendant Benjamin C. Tousey, judgment and order reversed and new trial granted, costs to abide the event, unless within twenty days plaintiff stipulate to further reduce the verdict to the sum of $5,000, in which event the judgment as so modified and the order, are affirmed, without costs in this court. Putnam, Blackmar, Kelly and Jaycox, JJ., concur; Rich, J., votes to reverse the judgment and order, and to dismiss the complaint as to both defendants.

ABRAHAM GOLD, Appellant, v. WILLIAM J. HUFF and Others, Respondents. — Order of the County Court of Kings county modified by imposing as a condition for opening the default " that defendant Huff shall pay to plaintiff's attorney the sum of ten dollars costs within ten days, and that issue shall remain as of the original date," upon condition, however, that respondent Huff within ten days from the date of entry of this order pay to the appellant ten dollars costs on this appeal, together with the disbursements for printing; otherwise, order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Jenks, P. J., Rich, Blackmar, Kelly and Jaycox, JJ., concur.

LOUIS GONZALES, Appellant, v. THE KENTUCKY DERBY COMPANY, INC., Defendant, Impleaded with ISIDOR REICHENTHALER, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ., concur.

BESSIE GREENWALD and RACHEL GREENWALD, as Administratrices, etc., of DANIEL GREENWALD, Deceased, Appellants, v. IDA B. WASHBURN, Defendant, Impleaded with HELEN M. REYNOLDS and Others, Respondents. — Judgments and order affirmed, with costs. No opinion. Rich, Putnam, and Blackmar, JJ., concur; Jenks, P. J., and Jaycox, J., dissent.

FRANK HESSE, Respondent, v. GEORGE BERGOLD, Appellant.— Judgment of the County Court of Nassau county reversed and new trial ordered, with costs to abide the event, upon the ground that the question of defendant's negligence should have been submitted to the jury. Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ., concur.

In the Matter of the Petition of RICHARD C. DE NORMANDIE, Appellant, Relative to the Action of THOMAS F. MARTIN REALTY COMPANY, Respondent, v. BAY VIEW HEIGHTS LAND COMPANY. (Action No. 1.) — Order modified so as to provide that the resale be had as therein provided, upon condition that the petitioner pay $10 costs of the motion and give an undertaking in the penal sum of $1,000, with good and sufficient sureties, to be approved by a justice of the Supreme Court, providing that upon such resale the petitioner will bid an amount at least equal to the sum at which the premises were sold, plus the interest thereon, and the expenses of the resale and indemnifying the purchaser for all damages, costs and expenses to which he has been subjected in consequence of the sale of the premises to him; and as so modified